92

**ZHEN MI WENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0764–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Francis W. Fraser, Senior Litigation Counsel; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and JOHN M. WALKER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Mi Weng, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA, affirming the December 18, 2006 decision of Immigration Judge ("IJ") Helen Sichel, which denied his motion to reopen. *In re Zhen Mi Weng*, No. A072 745 302 (B.I.A. Jan. 31, 2008), *aff'g* No.

A072 745 302 (Immig. Ct. N.Y. City Dec. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Weng's untimely motion to reopen.

Weng argues that the agency erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of Weng's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). We deny Weng's request to consider evidence that was not in the administrative record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

Finally, the agency's determination that Weng was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).